## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **BENNY BUTLER JR** | ) **JURY TRIAL DEMANDED** |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **EXPERIAN INFORMATION** | ) |
| **SOLUTIONS INC.** | ) |
| **Defendant.** | |

## COMPLAINT

## INTRODUCTION

1.     This is an action for actual and statutory damages brought by Plaintiff, Benny Butler Jr. ("Plaintiff"), an individual consumer, against Defendant Experian Information Solutions, Inc, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA"), stemming from its failure to ensure accurate, complete, and verifiable information on Plaintiff's credit report.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331. The venue in this District is proper in that the Defendant transacts

business in Sarasota, Florida, and the conduct complained of occurred in Sarasota, Florida.

## PARTIES

3.    Plaintiff is a natural person residing in Florida.

4.    Plaintiff is a *Consumer* as defined by 15 U.S.C. § 1681a(c).

5.    Defendant is a California corporation, with a primary business address of 475 Anton Blvd, Costa Mesa, CA 92626.

6.    Defendant is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd, Plantation, FL 33324.

7.    Defendant is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

### Plaintiff's April 2026 Consumer Disclosure

8.    On or about April 4, 2026, Plaintiff requested a copy of his consumer credit disclosure from Defendant.

9.    Pursuant to 15 U.S.C. § 1681g(a), upon receiving Plaintiff's request, Defendant was legally required to provide a clear and accurate disclosure of all information in Plaintiff's file as of the date of the request, with the exception that Plaintiff's Social Security number could be truncated upon request.

10. Defendant furnished an electronic copy of Plaintiff's Consumer Credit Disclosure (hereinafter 'the Disclosure') to him, accessible from his residence in Florida.

## Defendant's Disclosure Was Incomplete, Unclear, or Inaccurate: Omission of The Date of First Delinquency

11. Despite its statutory obligation to provide a complete and accurate disclosure of all information in Plaintiff's consumer file, Defendant's Disclosure omitted critical information required under 15 U.S.C. § 1681g.

12. Defendant reported multiple accounts in Plaintiff's consumer file but omitted the Date of First Delinquency, as evidenced by **Plaintiff's Exhibit A**, attached hereto.

13. Defendant maintains the Date of First Delinquency in its internal records.

14. The accounts missing the Date of First Delinquency (hereinafter "DOFD") were furnished by:

- Celtic Bank/ Contfinco ("Celtic")
- Holiday Inn Club Vacation ("Holiday")
- Midland Credit Management, Inc ("Midland")

15. Defendant failed to disclose the DOFD entirely. The consumer disclosure contains no information identifying that date for the above-referenced accounts.

16. The omission of this critical information renders the disclosure incomplete and misleading.

17. Defendant's failure to disclose the DOFD, despite maintaining it internally, interferes with Plaintiff's ability to identify whether the accounts are being reported beyond the permissible 7-year period, potentially constituting unlawful re-aging.

18. The *Credit Reporting Resource Guide*, published by the Consumer Data Industry Association ("CDIA"), a trade association representing the CRAs, including Defendant, states that:

**"This date is used to ensure compliance with the Fair Credit Reporting Act."**

*See* **Plaintiff's Exhibit B, attached hereto.**

19. By failing to disclose the Date of First Delinquency, Defendant withheld information contained within Plaintiff's consumer file and failed to provide a complete disclosure as required under 15 U.S.C. § 1681g(a).

## Omission of Complete Account Numbers

20. To further complicate Plaintiff's review of his report, Defendant omitted full account numbers for the above-referenced accounts.

21.    Upon information and belief, Celtic, Holiday, and Midland reported full account numbers to Defendant, and this information existed in Plaintiff's file when he requested Defendant's disclosure.

22.    Notably, Defendant includes full account numbers and DOFD when it provides credit reports to third parties, which demonstrates its capacity to comply with 15 U.S.C. § 1681g(a).

23.    By withholding this information from Plaintiff, Defendant breached its statutory duty. Accurate identification of account numbers and DOFD is critical for a consumer to verify, understand, or dispute entries on their credit file. Without these details, Plaintiff was left to guess and try to piece together which debts were being referenced.

24.    Although the Disclosure contained a section designated for the Date of First Delinquency, Defendant failed to provide this critical information, as evidenced in Plaintiff's Exhibit A, attached hereto.

25.    In addition, Defendant failed to display full account numbers for numerous tradelines.

26.    Specifically, fourteen (14) *Revolving* and *Installment Accounts* were reported without full accounts numbers.

27. The data furnishers provided complete account numbers and the DOFD to Defendant for the tradelines in question, which were included in Plaintiff's consumer file at the time he requested the Disclosure.

28.    Upon information and belief, Defendant's systems are configured to omit or truncate full account numbers in consumer disclosures, despite such information being maintained within the consumer's file.

29.    Defendant's failure to disclose full account numbers in the Disclosure to Plaintiff violates 15 U.S.C. § 1681g(a), which requires a consumer reporting agency to clearly and accurately disclose all information in the consumer's file, as recognized in Washington v. Equifax, Case No. 3:19-cv-00154 (M.D. Tenn. June 12, 2019). ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.") see also *Clarke v. Equifax Information Services, LLC*, No. 8:25-cv-1499-JSM-AAS (M.D. Fla. Jan. 22, 2026) (denying Equifax's motion for judgment on the pleadings and concluding that allegations that Equifax omitted full account numbers from a consumer disclosure plausibly stated a claim under § 1681g because an incomplete file prevents a consumer from verifying and disputing reported accounts).

30.    Furthermore, a 2000 FTC Advisory Opinion (Darcy, June 30, 2000) confirms that a consumer reporting agency's routine truncation of account numbers fails to provide the clear and accurate disclosure of all information in the

consumer's file required by 15 U.S.C. § 1681g(a), as evidenced by **Plaintiff's Exhibit C,** attached hereto.

31.    The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See, e.g., Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore, "the Art. III requirement of injury in fact [was] satisfied.

32.    The omission of the DOFD and full account numbers caused Plaintiff significant emotional distress and impaired his ability to understand his consumer disclosure, identify the accounts reported, verify them against his personal records and exercise his right to dispute inaccurate or obsolete information.

### Prevalence of Defendant's Account Number Errors

33.    Upon information and belief, Defendant's Disclosure provided to Plaintiff was generated using a templated format designed by Experian.

34. Upon information and belief, www.experian.com is the location where the majority of consumers obtain their credit disclosure.

35.    Many consumers receiving their Defendant Disclosures through experian.com encounter the same issues: missing account numbers and DOFD.

36. Experian's error has therefore likely affected thousands of consumers.

37. Courts within the Eleventh Circuit have rejected Defendant's position and held that the omission of full account numbers from a consumer disclosure states a viable claim under 15 U.S.C. § 1681g(a). See *Clarke v. Equifax Information Services LLC*, Case No. 8:25-cv-1499 (M.D. Fla. Jan. 22, 2026) (denying Defendant's motion for judgment on the pleadings and recognizing that withholding full account numbers prevents a consumer from verifying and disputing accounts).

38. Defendant's knowing and repeated conduct warrants an award of punitive damages.

39. Defendant's noncompliance appears to be a deliberate attempt to minimize operational costs and maximize profit, despite the legal requirement under 15 U.S.C. § 1681g(a).

40. Plaintiff has a right to a full and complete disclosure of the contents of his file upon request and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681g.

41. Defendant's failure to accurately, fully, and clearly disclose the information within its files regarding Plaintiff deprived him of this right.

42. Plaintiff has retained legal counsel to represent him in this matter and has assigned his right to recover attorney's fees and costs to his counsel.

## COUNT I

## VIOLATIONS OF THE FCRA

43.    The Plaintiff adopts and incorporates paragraphs 1 - 42 as if fully stated herein.

44.    Defendant violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff's request for his consumer disclosure by failing to clearly and accurately disclose to Plaintiff, a *Consumer*, all of the information in his file at the time of the request. Specifically, Defendant disclosed multiple accounts without disclosing the Date of First Delinquency, and fourteen (14) accounts also without the full account numbers, even though full account numbers were reported by the data furnishers.

45.    Defendant has been aware of similar omissions in consumer disclosures through prior disputes, complaints, and litigation.

46.    Defendant is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of his actual damages and statutory damages of up to $1,000 per violation, plus attorneys' fees and costs.

47.    Alternatively, Defendant's conduct was negligent, and Defendant is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681o, for his actual damages, plus attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully demands a jury trial and requests that this Honorable Court enter judgment against Defendant for:

a.    Actual damages;

b.    Statutory damages;

c.    Punitive damages;

d.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n

and 1681o;

e.    Such other relief as this Court deems just and proper.


Respectfully submitted by:


/s/Cortney Walters
Cortney Walters, Esq.
Florida Bar No. 125159
pleadings@cewlawoffice.com
The Law Office of Cortney E. Walters, PLLC
2719 Hollywood Blvd., Suite A-1969
Hollywood, FL 33020
Telephone: (954) 874-8022
*Attorneys for Plaintiff*

# EXHIBIT A

● **CELTIC BANK/CONTFINCO**                                                    $724
47 potentially negative months                                              Closed

### 🗠 Account info

| | | | |
|---|---|---|---|
| Account name | **CELTIC BANK/CONTFINCO** | Balance | **$724** |
| Account number | **534636XXXXXX** | Balance updated | **Mar 12, 2026** |
| Original creditor | - | Credit limit | **$300** |
| Company sold | - | Monthly payment | - |
| Account type | **Credit card** | Highest balance | **$724** |
| Date opened | **Jun 03, 2020** | Terms | - |
| Open/closed | **Closed** | Responsibility | **Individual** |
| Status | **Account charged off. $724 written off.** | Your statement | - |
| Status updated | **Dec 2022** | | |

### $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | CO | CO | CO | - | - | - | - | - | - | - | - | - |
| 2025 | CO | ND | CO | CO | CO | ND | CO | CO | CO | CO | CO | CO |
| 2024 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2023 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2022 | 30 | 30 | ✓ | ND | ND | 30 | 30 | 60 | 90 | 90 | 120 | CO |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | ✓ | ✓ |
| 2020 | - | - | - | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met   30 Past due 30 days   60 Past due 60 days
90 Past due 90 days   120 Past due 120 days   CO Charge off
ND No data for this period   - Data Unavailable

### ☑ Contact info

Address     4550 NEW LINDEN HILL RD
WILMINGTON,
DE 19808

Phone number     (302) 456-1930

● **HOLIDAY INN CLUB VACAT**                                                                    Closed

9 potentially negative months



### ⊡ Account info

| | | | |
|---|---|---|---|
| Account name | **HOLIDAY INN CLUB VACAT** | Balance | - |
| Account number | **688546X** | Balance updated | - |
| Original creditor | - | Original balance | **$6,781** |
| Company sold | - | Monthly payment | - |
| Account type | **Time Share** | Terms | - |
| Date opened | **Apr 04, 2022** | Responsibility | **Joint** |
| Open/closed | **Closed** | Your statement | - |
| Status | **Foreclosed.** | | |
| Status updated | **Apr 2025** | | |

### $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | 180 | 180 | 180 | F | - | - | - | - | - | - | - | - |
| 2024 | ✓ | ✓ | 30 | 60 | 90 | 120 | 150 | 180 | 180 | 180 | 180 | 180 |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | 120 | 150 |
| 2022 | - | - | - | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

| | | | |
|---|---|---|---|
| ✓ Current / Terms met | 30 Past due 30 days | 60 Past due 60 days | |
| 90 Past due 90 days | 120 Past due 120 days | 150 Past due 150 days | |
| 180 Past due 180 days | F Foreclosure | - Data Unavailable | |

### ✉ Contact info

| | |
|---|---|
| Address | **8505 W IRLO BRONSON MEMO KISSIMMEE, FL 34747** |
| Phone number | **(407) 239-0000** |

### 🖹 Comments

-



● MIDLAND CREDIT MANAGEM $1,590

Original creditor: **THE BANK OF MISSOURI**

### ☐ Account info

| | | | |
|---|---|---|---|
| Account name | **MIDLAND CREDIT MANAGEM** | Balance | **$1,590** |
| Account number | **329181XXX** | Balance updated | **Mar 27, 2026** |
| Original creditor | **THE BANK OF MISSOURI** | Original balance | **$1,630** |
| Company sold | - | Monthly payment | - |
| Account type | **Debt Buyer** | Past due amount | **$1,590** |
| Date opened | **Sep 25, 2024** | Terms | **1 Month** |
| Status | **Collection account. $1,590 past due as of Mar 2026.** | Responsibility | **Individual** |
| | | Your statement | - |
| Status updated | **Sep 2024** | | |

### $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | C | C | C | - | - | - | - | - | - | - | - | - |
| 2025 | - | - | - | C | C | C | C | C | C | C | C | C |

C Collection          - Data Unavailable

### ☐ Contact info

| | |
|---|---|
| Address | **320 E BIG BEAVER RD STE TROY, MI 48083** |
| Phone number | **(877) 822-0381** |

### ☐ Comments

-

# EXHIBIT B

## Credit Reporting Resource Guide, Date of First Delinquency Excerpt

## Field Definitions

### Base Segment

| FIELD | FIELD NAME & DESCRIPTION | 426 Character Format | | |
|---|---|---|---|---|
| | | Length | Position | Recording Technique |
| 25 | **FCRA Compliance/Date of First Delinquency** | 8 | 190-197 | N |

This date is used to ensure compliance with the Fair Credit Reporting Act.

The date in the Date of First Delinquency field must be determined each reporting period based on the following hierarchy:

1. For Account Status Codes 61-65, 71, 78, 80, 82-84, 88-89 and 93-97, report the date of the first 30-day delinquency that led to the status being reported. This date should be 30 days after the Due Date. If a delinquent account becomes current, the Date of First Delinquency should be zero filled. Then if the account goes delinquent again, the Date of First Delinquency starts over with the new first delinquency date.

2. For Account Status Codes 05 and 13, if the Payment Rating is 1, 2, 3, 4, 5, 6, G or L, report the date of the first 30-day delinquency that led to the Payment Rating being reported. This date should be 30 days after the Due Date.

3. For Consumer Information Indicators A-H and Z (Bankruptcies), 1A (Personal Receivership) and V-Y (Reaffirmation of Debt Rescinded with Bankruptcy Chapters), if the account is current (Account Status Code 11 or Account Status Code 05 or 13 with Payment Rating 0), report the date of the bankruptcy/personal receivership petition or notification. Even though the account is not delinquent, this date is required for purging purposes.

   **Note: Consumer Information Indicators W, X & Y are obsolete as of September 2010 and may no longer be reported.**

If none of the conditions listed in the above hierarchy apply, the Date of First Delinquency should be zero filled.

The Date of First Delinquency is used by the consumer reporting agencies for purging purposes. Format for character date is MMDDYYYY. Format for packed date is 0MMDDYYYYs — where s is the sign.

**Notes:**

- **Refer to Exhibit 9 for detailed reporting instructions, examples and excerpts from the Fair Credit Reporting Act.**
- **First-time reporters should refer to Frequently Asked Question 22 for important information.**

Copyright 2020 © Consumer Data Industry Association

# EXHIBIT C

## FTC's Opinion Letter



**FEDERAL TRADE COMMISSION**
PROTECTING AMERICA'S CONSUMERS

# Advisory Opinion to Darcy (06-30-00)

June 30, 2000

Denise A. Darcy, Esq.
Asst. General Counsel
TRANS UNION
555 West Adams Street
Chicago, Illinois 60661

Dear Ms. Darcy:

This responds to your letter dated concerning whether the Fair Credit Reporting Act ("FCRA") allows Trans Union or another consumer reporting agency ("CRA"), for security purposes, to "truncate, scramble or mask the account number and social security number" when making file disclosures to consumers. You report that such a procedure has been recommended to you by a consumer who was recently the victim of account takeover fraud by a perpetrator who fraudulently procured the individual's Trans Union file by impersonating the consumer. You state: "While some creditors truncate or scramble the data before they supply it to us, not all do; therefore, many of the account numbers on our file are complete and accurate, and that is what we disclose to the consumer."

Section 609(a)(1) of the FCRA states that CRAs, including major credit bureaus such as Trans Union, "shall, upon request (by a consumer), clearly and accurately disclose to the consumer . . . *All information* in the consumer's file at the time of the request" (emphasis added). If the "information in the consumer's file at the time of the request" includes account and social security numbers, the provision thus normally requires that the CRA "clearly and accurately" include such items in its disclosure to consumers. However, because the trigger for a file disclosure is a "request" by a consumer, a CRA may allow consumers (such as the individual in your letter) to choose truncation or other security measures in their own file disclosure. In other words, although Section 609 provides consumers with a right to *all information* in the file, a CRA may provide a method for the consumer to ask for less than all information and then comply with that "request" when it makes the disclosure.

In sum, it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide "accurate" (and perhaps not "clear") disclosure of "all information" in the file. However, if a consumer's "request" for a file disclosure is framed so as to allow some items in the file to be abbreviated or revised in that fashion, a CRA making such a disclosure would comply with Section 609.

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff